NORVAL B. LAMB *vs.* THE WESTERN RAILROAD CORPORATION.

If the plaintiff in an action against a railroad company to recover the value of goods deposited in their depot and alleged to have been lost through their neglect, proves simply that the goods were stolen from the depot, and fails to offer any evidence of a want of ordinary care on the part of the defendants, the judge may properly rule that the evidence is insufficient to maintain the action.

ACTION containing counts in tort and contract, to recover the value of a chest of tea and a keg of tobacco which the defendants had transported, as it was alleged, from Boston to Charlton, and deposited in their depot at the latter place, where the same were lost.

At the trial in the superior court, before *Lord*, J., the plaintiff testified that, after a fruitless inquiry for the goods on a previous day, he went to the depot on Saturday, May 11th, at about six o'clock, and, finding it locked, he asked some boys who were

there where Mr. Fitts (who was employed there by the defendants) was, and the boys replied that he had gone away. On the following Monday or Tuesday he sent for the goods, and the messenger brought back word that Mr. Towne (the defendants' agent) said that the depot had been broken into between Saturday night and Monday morning, and the goods stolen. Towne and Fitts both lived within forty or fifty rods of the depot, and the plaintiff did not go to the house of either of them on Saturday, when he called at the depot, or make any further search or inquiry for either of them. The plaintiff also put into the case the receipt of the defendants for the goods, to be transported from Boston to Charlton, and testified that he paid the freight. No other evidence was offered, and the judge ruled that the evidence was insufficient to enable the plaintiff to maintain his action, and the jury accordingly returned a verdict for the defendants. The plaintiff alleged exceptions.

*P. C. Bacon,* (*P. E. Aldrich* with him,) for the plaintiff, cited *Wentworth* v. *Leonard,* 4 Cush. 414; *Mitchell* v. *New England Ins. Co.* 6 Pick. 118; *Wilkinson* v. *Scott,* 17 Mass. 249.

*F. H. Dewey,* for the defendants, cited *Thomas* v. *Boston & Providence Railroad,* 10 Met. 472; *Norway Plains Co.* v. *Bos ton & Maine Railroad,* 1 Gray, 263.

BIGELOW, C. J. There was not a *scintilla* of evidence offered by the plaintiff to sustain the allegations in the declaration, that the defendants were guilty of negligence in their capacity as warehousemen. In the first place, there was no legal evidence of the loss of the plaintiff's property. So far as is shown by the exceptions, the only evidence on this point was that the plaintiff's messenger said that the defendant's agent told him that the depot had been broken open and the goods stolen. This was purely hearsay. But assuming that this part of the plaintiff's case was satisfactorily made out, there was still an essential deficiency in the proof necessary to sustain the action. No fact was shown which tended to prove any neglect or omission of duty by the defendants. It was not sufficient to prove that the depot was broken open and the goods of the plaintiff stolen. This might have occurred when the defendants were in

the exercise of the most careful vigilance and oversight. It was necessary for the plaintiff to go further, and offer some affirmative and substantive evidence of carelessness on the part of the defendants. They were liable only as depositaries, and could not be held liable except for negligence, in the want of ordinary care in the custody of the goods. *Thomas* v. *Boston & Providence Railroad,* 10 Met. 472. Of such negligence there was no evidence. It was not shown that the depot was not securely locked, or that any precaution against the risk of robbery was omitted, which a person in the exercise of due and reasonable care would have taken. In this state of the proof, the court was well warranted in ruling that the evidence was not sufficient to maintain the action, and in withholding the case from the jury. *Denny* v. *Williams,* 5 Allen, 5.

*Exceptions overruled.*